UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN RYAN TERVEER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHAZAAD, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-3047 CKD P<br><br><br><br>ORDER |

　　　　Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Having conducted the required screening, the court finds that plaintiff may proceed on a claim arising under the Eighth Amendment for denial of adequate medical care against defendant Shazaad. With respect to the other claims and defendants, the allegations do not amount to claims upon which plaintiff may proceed.

At this point, plaintiff has two options: 1) proceed immediately on the Eighth Amendment claim identified above; or 2) attempt to cure the deficiencies with the remaining claims by filing an amended complaint. If plaintiff elects to proceed on the claim found cognizable in this screening order, the court will construe plaintiff's election as consent to voluntarily dismiss the remaining claims and defendants pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

/////

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to: 1) proceed on the Eighth Amendment claim identified in this order; or 2) file an amended complaint in an attempt to cure the deficiencies with the remaining claims.

4. If plaintiff elects to proceed on the claim found cognizable in this screening order, the court will construe plaintiff's election as consent to voluntarily dismiss the remaining claims and defendants pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

5. If plaintiff fails to return the attached Notice of Election form, the court will construe this as consent to proceed on the Eighth Amendment cognizable claim described in this order and will recommend dismissing the remaining claims without prejudice.

Dated: January 30, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/ks
terv3047.op

3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN RYAN TERVEER,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAZAAD, et al.,<br><br>    Defendants. | No.  2:23-cv-3047 CKD P<br><br><br>NOTICE OF ELECTION |

**Check one**:

_____ Plaintiff wants to proceed immediately on an Eighth Amendment claim for denial of adequate medical care against defendant Shazaad.

   **OR**

_____ Plaintiff wants time to file an amended complaint.

DATED:

                                                                                            Plaintiff's Signature

4